DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
MATTHEW I. KNEPPER, ESQ.
Nevada Bar No. 12796
Akerman LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:   (702) 634-5000
Facsimile:   (702) 380-8572
Email: darren.brenner@akerman.com
Email: matthew.knepper@akerman.com

*Attorneys for Defendant Federal Home Loan Mortgage Corporation*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FIRST 100, LLC, a Nevada limited liability company,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION, a federally chartered corporation; ALEXANDRE DUPRE LLC, a Nevada limited liability company; Does I through X and ROE Corporations I through X,<br><br>　　　　　　Defendants. | Case No. 2:15-cv-01303-APG-PAL<br><br>**STIPULATION AND ORDER TO STAY DISCOVERY DEADLINES**<br><br>**(FIRST REQUEST)** |
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>v.<br><br>FIRST 100, LLC, | |

　　　　Pursuant to Local Rule 6-1(a) for the United States District Court for the District of Nevada, Plaintiff First 100, LLC ("Plaintiff"), Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac"), and Intervenor and Counterclaimant Federal Housing Finance Agency ("FHFA") (FHFA and Freddie Mac are referred to collectively herein as "Defendants"; Plaintiff, FHFA, and

{00941747;1}　　　　　　　　　　　　　　　　1

1  Freddie Mac are collectively referred to herein as "the Parties") stipulate to stay discovery in this
2  case pending the Court's ruling on FHFA and Freddie Mac's motion for summary judgment, ECF
3  No. 32, filed January 11, 2016 ("Defendants' Motion for Summary Judgment").

4        This is an HOA quiet title dispute. On January 11, 2016, Defendants filed their Motion for
5  Summary Judgment, which they believe presents a meritorious basis for summarily adjudicating
6  Plaintiff's Complaint. Specifically, Defendants contend that this loan is owned by Freddie Mac, and
7  Defendants argue that under 12 U.S.C. § 4617(j)(3), an HOA foreclosure sale cannot extinguish
8  Freddie Mac's interest in the property. *See* ECF No. 32.

9        Plaintiff disputes the merits of Defendants' Motion for Summary Judgment, as well as
10 disputes that there is no issue of material fact, and plans to oppose it. The Parties, however, agree
11 that Defendants' Motion for Summary Judgment, if granted, would potentially be dispositive of the
12 issues in this case. The Parties, therefore, agree that staying discovery pending the Court's ruling on
13 Defendants' Motion for Summary Judgment would be the most efficient and economical action at
14 this time because doing so will preserve judicial resources and relieve the Parties from incurring the
15 significant and potentially unnecessary costs of taking and defending depositions and responding to
16 written discovery should the Court grant Defendant's Motion for Summary Judgment.

17       First 100 and Freddie Mac did not originally contemplate seeking a stay of discovery in this
18 case, and, accordingly, discovery has been proceeding. In addition to the issues raised in Defendants'
19 Motion for Summary Judgment, Freddie Mac maintains that this case involves questionable
20 relationships between the HOA, its trustee, and the purchaser of the property at the HOA's
21 foreclosure sale which require significant discovery and which are related to Freddie Mac's state law
22 claims and defenses. For example, Freddie Mac alleges that First 100 purchased the former
23 homeowners delinquency prior to the sale in a clandestine transaction, that it improperly foreclosed in
24 the name of the HOA after purchasing the delinquency, that it separated the note from the deed of
25 trust, and that even if the law did not prohibit the foreclosure, the unique factual circumstances
26 surrounding this sale gave rise to a commercially unreasonable transaction. First 100 acknowledges
27 that it purchased certain rights to the delinquent HOA account, but denies there was anything
28 improper about the transaction.

{00941747;1}                                          2

1   Written discovery was served by Plaintiff and by Freddie Mac, and depositions were
2   previously noticed, primarily dealing with the state law issues referenced above. Specifically,
3   depositions were set for January 7, 2016—including the plaintiff's deposition, the deposition of the
4   HOA, and the deposition of the trustee—and Defendants' and Plaintiff's responses to written
5   discovery were due January 11, 2016. Faced, however, with significant discovery in this case
6   regarding non-parties and a motion for summary judgment based on a discrete legal issue that is both
7   potentially dispositive of the issues in this case, the Parties agreed to a stay, taking the depositions off
8   calendar, staying responses to discovery, and saving the expense related to that discovery at this
9   time.[1] The Parties respectfully request that the Court enter the requested stay in this matter.

10   "It is within the Court's broad discretion to control discovery to determine whether a stay of
11   discovery is appropriate." *H&N Investments, LLC v. MTC Financial, Inc.*, 2015 WL 5256947, at *1-
12   *2 (D. Nev., Sept. 8, 2015) (citing *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir.1988)). Nevada
13   federal courts have held that a stay of discovery may be granted where "(1) the pending motion is
14   potentially dispositive of the entire case or at least dispositive of the issue on which discovery is
15   sought, and (2) the pending potential dispositive motion can be decided without additional
16   discovery." *H&N Investments*, 2015 WL 5256947 at *2 (citing *Ministerio Roca Solida v. U .S. Dep't
17   of Fish & Wildlife,* 288 F.R.D. 500, 506 (D.Nev.2013)). In making its determination, a court will
18   take a "preliminary peek" at the merits of the underlying motions. *Id.*

19   Here, Defendants' Motion for Summary Judgment turns on a discrete, dispositive legal issue:
20   namely, whether the HOA foreclosure at issue in this case was barred under the Housing and
21   Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110-289, 122 Stat. 2654, *codified at* 12
22   U.S.C. § 4511 *et seq*. Courts in this District have recently resolved dispositive motions in favor of
23   FHFA, Freddie Mac, and Fannie Mae on this issue in nine cases. *See Skylights v. Byron*, No. 2:15-
24   cv-0043-GMN-VCF, 2015 WL 3887061 (D. Nev. June 24, 2015); *Elmer v. Freddie Mac,* No. 2:14-
25   cv-1999-GMN-NJK, 2015 WL 4393051 (D. Nev. July 14, 2015); *Premier One Holdings, Inc. v.*
26   *Fannie Mae*, No. 2:14-cv-02128-GMN-NJK, 2015 WL 4276169 (D. Nev. July 14, 2015); *Williston*

---

[1] In the event the Court denies this stipulation, the Parties would need an additional thirty days, at a minimum, to complete depositions and discovery.

{00941747;1}                                         3

*Investment Grp., LLC v. JP Morgan Chase Bank, NA*, No. 2:14-cv-2038-GMN-PAL, 2015 WL 4276144 (D. Nev. July 14, 2015); *My Global Village, LLC v. Fannie Mae*, No. 2:15-cv-0211-RCJ-NJK, 2015 WL 4523501 (D. Nev. July 27, 2015); *1597 Ashfield Valley Trust v. Fannie Mae*, No. 2:14-cv-2123-JCM, 2015 WL 4581220 (D. Nev. July 28, 2015); *Fannie Mae v. SFR Investments Pool 1, LLC*, No. 2:14-CV-2046-JAD-PAL, 2015 WL 5723647 (D. Nev. Sept. 28, 2015); *Saticoy Bay, LLC Series 1702 Empire Mine v. Fannie Mae*, No. 2:14-CV-1975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015); *Berezovsky v. Moniz*, No. 2:15-cv-1186-GMN-GWF, 2015 WL 8780198 (D. Nev. Dec. 15, 2015). The latter eight cases adopted the court's reasoning in *Skylights*. In each of these cases, the court held that an HOA foreclosure sale could not have extinguished the Enterprises' property interests pursuant to a straightforward application of the Federal Foreclosure Bar, guided by the case law interpreting the similar property protection provision applicable to FDIC receiverships, 12 U.S.C. § 1825(b)(2).

Again, while Plaintiff affirmatively opposes Defendants' Motion for Summary Judgment and takes the position that the Court should not grant it, Plaintiff agrees that it is preferable to stay discovery pending the Court's ruling because, if granted, Defendants' Motion for Summary Judgment would potentially be dispositive of the issues in this case. Plaintiff disagrees that discovery is not needed to decide the issues in Defendants' Motion for Summary Judgment and will oppose said Motion on Rule 56(d) grounds. Nevertheless, Plaintiff acknowledges that the Motion has been filed and agrees to stay discovery in an effort to preserve judicial resources, as well as avoid needless effort and costs by the Parties. The Parties have, therefore, removed from their schedules depositions that were noticed for the week of January 4, 2016, and have agreed to extend the deadline to respond to each other's outstanding written discovery requests pending the Court's approval of this stipulation and the Court's ruling on Defendants' Motion for Summary Judgment.

Accordingly, by and through their respective counsel of record, the Parties hereby stipulate and agree as follows: that all discovery is stayed pending the Court's ruling on Defendants' Motion for Summary Judgment. The Parties agree that the stay of discovery does not impede Plaintiff's ability to seek Fed. R. Civ. P. 56(d) relief.

In the alternative, should the Court deny this stipulation, the Parties' intend to respond to each other's outstanding written discovery requests two weeks after that decision, and further request that they be allowed to reset the required deposition discovery within 30 days after the Court's decision.

| **WEIL & DRAGE, APC**<br><br>/s/ *Jason Martinez*<br>NEIL B. DURRANT, ESQ.<br>Nevada Bar No. 7324<br>C. ROBERT PETERSON, ESQ.<br>Nevada Bar No. 11680<br>JASON G. MARTINEZ, ESQ.<br>Nevada Bar No. 13375<br>2500 Anthem Village Drive<br>Henderson, NV 89052<br><br>*Attorneys for Plaintiff* | **AKERMAN LLP**<br><br>/s/ *Matthew Knepper*<br>DARREN T. BRENNER, ESQ.<br>Nevada Bar No. 8386<br>MATTHEW I. KNEPPER, ESQ.<br>Nevada Bar No. 12796<br>1160 Town Center Drive, Suite 330<br>Las Vegas, Nevada 89144<br><br>*Attorneys for Federal Home Loan Mortgage Corporation* |
|---|---|
| **FENNEMORE CRAIG, P.C.**<br><br>/s/ *Leslie Bryant Hart*<br>LESLIE BRYAN HART, ESQ.<br>Nevada Bar No. 4932<br>JOHN D. TENNERT, ESQ.<br>Nevada Bar No. 11728<br>300 E. Second St., Suite 1510<br>Reno, NV 89501<br><br>*Attorneys for Intervenor and Counterclaimant Federal Housing Finance Agency* | |

## ORDER

IT IS SO ORDERED that the Stipulation for Stay is GRANTED, and the parties shall submit a proposed schedule for completing any remaining discovery within 14 days after decision of the pending motion for summary judgment as to any claim that survives.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: January 21, 2016

{00941747;1}                                5

First 100, LLC v. Federal Home Loan Mortgage Corporation
2:15-cv-01303-APG-PAL

*Submitted by:*

**AKERMAN LLP**

/s/ *__Matthew Knepper__*
DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
MATTHEW I. KNEPPER, ESQ.
Nevada Bar No. 12796
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144

*Attorneys for Federal Home Loan Mortgage Corporation*

**AKERMAN LLP**
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

{00941747;1}                    6