**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| FIRST 100 LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION, *et al.*,<br><br>　　　　Defendants. | Case No. 2:15-cv-01303-APG-PAL<br><br>**ORDER (1) DENYING MOTION FOR SUMMARY JUDGMENT AND (2) TEMPORARILY STAYING CASE**<br><br>(ECF No. 32) |

This is a dispute over property located at 6800 East Lake Mead Boulevard #1111 in Las Vegas. Plaintiff First 100, LLC purchased the property at a non-judicial foreclosure sale conducted by the homeowners association ("HOA") after the prior owner failed to pay HOA assessments. Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") later purchased the property at a foreclosure sale that resulted from the prior owners' failure to pay the note secured by the deed of trust encumbering the property. First 100 filed suit to quiet title in the property. Freddie Mac removed the case from state court. ECF No. 1. The Federal Housing Finance Agency ("FHFA"), as conservator for Freddie Mac, then intervened in this action. ECF No. 16.

FHFA and Freddie Mac move for summary judgment, arguing that Freddie Mac owned an interest in the property at the time of the HOA foreclosure sale and therefore the HOA could not foreclose on Freddie Mac's interest without FHFA's consent under 12 U.S.C. § 4617(j)(3), also known as the federal foreclosure bar. First 100 responds that there are issues of fact about whether Freddie Mac owned an interest in the property at the time of the HOA foreclosure sale. Alternatively, First 100 argues that the federal foreclosure bar does not preempt Nevada's foreclosure laws. First 100 also contends that because the public record does not disclose any interest by Freddie Mac, First 100 is a bona fide purchaser and there is no basis to undo the sale to a bona fide purchaser under Nevada law. Finally, First 100 seeks a continuance under Federal

Rule of Civil Procedure 56(d) to conduct discovery regarding Freddie Mac's alleged property interest.

I deny Freddie Mac's motion because genuine issues of fact remain regarding whether Freddie Mac had an interest in the property at the time of the HOA foreclosure. I also grant a stay in this case in light of the recently announced Ninth Circuit decision in *Bourne Valley*.

## I. BACKGROUND

The property was owned by Ricardo and Columba Alba and was encumbered by a deed of trust securing a $120,000 promissory note. ECF No. 33-1 at 2-3. The original lender was Webster Bank, N.A. *Id.* The deed of trust designated Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary under the deed of trust, as nominee for the lender and the lender's successors and assigns. *Id.* at 3. The original trustee was identified as First American Title Insurance Company of Nevada. *Id.*

In November 2009, MTC Financial, Inc. dba Trustee Corps, as agent for BAC Home Loans Servicing, LP, recorded a notice of default and election to sell after the Albas failed to make payments on the note.[1] ECF No. 33-2 at 4. In January 2010, MERS assigned to BAC "all beneficial interest" under the deed of trust, "TOGETHER with the note or notes therein described and secured thereby, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust including the right to have reconveyed, in whole or in part the real property described therein." *Id.* at 8-10.

On June 14, 2013, after the Albas failed to pay HOA fees, the HOA conducted a foreclosure sale of its HOA lien and sold the property to First 100 for $43,500. *Id.* at 12-14. On July 9, Trustee Corps filed a notice of trustee's sale prior to foreclosing on the deed of trust. *Id.* at 16. Trustee Corps sold the property at public auction to Freddie Mac on August 5, 2013 for $148,866.77. *Id.* at 19-20. On August 8, 2013, an assignment of the deed of trust from BAC to

---

[1] The parties do not provide evidence on how Trustee Corps or BAC were involved with the property at this point in time.

Freddie Mac was recorded. ECF No. 40 at 25. The assignment states that BAC assigned to Freddie Mac "all beneficial interest" under the deed of trust,

> TOGETHER with the note or notes therein described and secured thereby, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust including the right to have reconveyed, in whole or in part the real property described therein.

*Id.* at 25-26. The assignment was dated July 12, 2013, but it was not recorded until August 8. *Id.* Freddie Mac thereafter transferred the property to Carbor Ltd. ECF No. 33-2 at 23-24. Carbor then quitclaimed the property to defendant Alexandre Dupre LLC. *Id.* at 28.

Dean Meyer, Director of Loss Mitigation for Freddie Mac, reviewed Freddie Mac's MIDAS system, "which includes and stores information concerning Freddie Mac's purchase of loans." ECF No. 32-1 at 3-4. According to Freddie Mac's system, Freddie Mac purchased the loan on May 24, 2006, and it "never sold the Loan to any other entity prior to the foreclosure on August 8, 2013." *Id.* at 5. Meyer avers that the MIDAS system also shows that BAC and Bank of America (as BAC's successor by merger)[2] serviced the loan on Freddie Mac's behalf from May 24, 2006 through at least the date of the HOA foreclosure sale. ECF No. 32-1 at 6. Meyer also states that since it acquired the loan, Freddie Mac never authorized anyone to convey the loan prior to August 8, 2013. *Id.* at 6.

The contractual relationship between Freddie Mac and its servicers is governed by the Single-Family Seller-Servicer Guide. ECF No. 33-1 at 29. Under the Guide, Freddie Mac "may, at any time and without limitation, require the Seller . . . to make such endorsements to and assignments and recordations of any of the Mortgage documents so as to reflect the interests of Freddie Mac and/or its successors and assigns." ECF No. 33-1 at 32. The Guide also provides that the servicer "is not required to prepare an assignment of the Security Interest to [Freddie Mac]. However, Freddie Mac may, at its sole discretion and at any time, require a Seller/Servicer, at the Seller/Servicer's expense, to prepare, execute and/or record assignments of the Security Instruments to Freddie Mac." ECF No. 33-1 at 34.

---

[2] *See* ECF No. 40 at 26.

The Guide also provides that a transfer of servicers requires Freddie Mac's written approval. ECF No. 33-1 at 39. The Guide sets forth various forms for the servicers to fill out and the written means through which Freddie Mac will indicate its approval. ECF No. 33-1 at 39-40. Meyer also asserts that "[a]t the time Freddie Mac acquired the Loan and at all times thereafter, the Guide was in effect and governed the relationship between Freddie Mac, on the one hand, and BAC Home Loans and Bank of America, N.A., on the other, with respect to the Loan." *Id.* at 6.

According to the Guide, when a mortgage is sold to Freddie Mac, the seller must endorse the note in blank. ECF No. 33-2 at 2. When the servicing of the loan is transferred, the transferor servicer "may not complete the blank endorsement or further endorse the Note." *Id.* Additionally, the transferor servicer must assign the deed of trust to the transferee servicer and record that assignment. *Id.*

The servicer is responsible for protecting Freddie Mac's interests, including paying HOA dues if necessary. ECF No. 40 at 22. If the servicer breaches its obligations, Freddie Mac has a variety of remedies against the servicer, including requiring the servicer to indemnify Freddie Mac or repurchase Freddie Mac's interest in the mortgage. *Id.* at 23.

**II. ANALYSIS**

Summary judgment is appropriate if the pleadings, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir.

2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

I previously ruled that the federal foreclosure bar "precludes an HOA foreclosure sale from extinguishing Freddie Mac or FHFA's ownership interest in property without FHFA's consent." *See Opportunity Homes, LLC v. Fed. Home Loan Mortg. Corp.*, No. 2:15-cv-00893-APG-GWF, ECF No. 39 at 4-5 (Mar. 11, 2016). Other judges in this District agree. *See, e.g.*, *LN Mgmt., LLC Series 5664 Divot v. Dansker*, No. 2:13-cv-01420-RCJ-GWF, 2015 WL 5708799, at *2 (D. Nev. Sept. 29, 2015); *Saticoy Bay, LLC Series 1702 Empire Mine v. Fed. Nat'l Mortg. Ass'n*, No. 2:14-cv-01975-KJD-NJK, 2015 WL 5709484, at *2 (D. Nev. Sept. 29, 2015); *Fed. Nat'l Mortg. Ass'n v. SFR Investments Pool 1, LLC*, No. 2:14-cv-02046-JAD-PAL, 2015 WL 5723647, at *3 (D. Nev. Sept. 28, 2015); *1597 Ashfield Valley Trust v. Fed. Nat'l. Mortg. Ass'n Sys.*, No. 2:14-cv-02123-JCM-CWH, 2015 WL 4581220, at *7 (D. Nev. July 28, 2015); *Skylights LLC v. Byron*, 112 F. Supp. 3d 1145, 1152 (D. Nev. 2015).

However, the question remains in this case whether Freddie Mac or FHFA owned an interest in this property at the time of the HOA foreclosure sale. The MIDAS database indicates Freddie Mac purchased the loan in May 2006 and never sold it before the HOA sale. However, in January 2010, MERS assigned to BAC "all beneficial interest" under the deed of trust, "TOGETHER with the note or notes therein described and secured thereby." A reasonable jury could believe this language, set forth in a publicly recorded document, reflects a transfer of both the deed of trust and the note, and not just a transfer of servicing rights. A genuine dispute of fact therefore remains on whether Freddie Mac owned an interest in this property at the time of the HOA foreclosure sale. Accordingly, I deny Freddie Mac and FHFA's motion for summary judgment.

**III. TEMPORARY STAY OF THE CASE**

On August 12, 2016, a divided Ninth Circuit panel in *Bourne Valley Court Trust v. Wells Fargo Bank* held that Nevada Revised Statutes Chapter 116's HOA nonjudicial foreclosure scheme, as it existed before the statutory scheme was amended in 2015 "facially violated

mortgage lenders' constitutional due process rights." No. 15-15233, 2016 WL 4254983, at *5 (9th Cir. Aug. 12, 2016); *but see id.* at *6-11 (Wallace, J. dissenting). I disagree with the majority opinion for the reasons I have set out previously. *See Las Vegas Dev. Grp., LLC v. Yfantis*, --- F. Supp. 3d ---, No. 2:15-cv-01127-APG-CWH, 2016 WL 1248693, at *3-6 (D. Nev. Mar. 24, 2016).[3] In particular, the *Bourne Valley* majority opinion does not address the fact that the Supreme Court of Nevada has already construed this Nevada state statute to require notice to the mortgage lenders. *See SFR Investments Pool 1, LLC v. U.S. Bank, NA*., 334 P.3d 408, 417-18 (Nev. 2014) (en banc). Even the dissenting justices in *SFR* agreed this was the proper interpretation of Nevada's statutory scheme. *See id.* at 422. Federal courts are not free to reinterpret a state statute once it has been interpreted by that state's highest court. *See Cal. Teachers Ass'n v. State Bd. of Educ.*, 271 F.3d 1141, 1146 (9th Cir. 2001) ("[I]t is solely within the province of the state courts to authoritatively construe state legislation."). Nor does the majority's analysis employ Nevada's rules of statutory construction under which the state's laws are presumptively constitutional and must be given any reasonable construction to avoid declaring the statute unconstitutional. *See State v. Castaneda*, 245 P.3d 550, 552 (Nev. 2010) (en banc). Nevertheless, *Bourne Valley* at the moment is controlling authority for federal district courts in the Ninth Circuit that, if it stands, will significantly impact the hundreds of HOA foreclosure cases pending in this District.

Counsel for the purchaser in *Bourne Valley* recently indicated that he will be filing a motion for panel rehearing and rehearing en banc; he thus seeks to stay publication of, and to prohibit citation to, the *Bourne Valley* opinion. *Bourne Valley*, No. 15-15233, ECF No. 36-1 at 3-

---

[3] Other judges in this district have also disagreed with the *Bourne Valley* majority's analysis on both the statute's interpretation and on whether there is state action. **Error! Main Document Only.***See Morgan Chase Bank v. SFR Investments Pool*, 2:14-cv-02080-RFB-GWF, 2016 WL 4084036, at *8 (D. Nev. July 28, 2016) (Boulware, J.); *Capital One v. Las Vegas Dev. Group*, No. 2:15-cv-01436-JAD-PAL, 2016 WL 3607160, at 5 (D. Nev. June 30, 2016) (Dorsey, J.); *Bank of Amer. v. Rainbow Bend HOA*, No. 3:15-cv-00291-MMD-WGC, 2016 WL 1298114, at *3 (D. Nev. Mar. 31, 2016) (Du, J.); *Deutsche Bank v. TBR I, LLC*, No. 3:15-cv-00401-LRH-WGC, 2016 WL 3965195, at *3 (D. Nev. July 22, 2016) (Hicks, S.J.); *but see U.S. Bank v. NV Eagles, LLC*, No. 2:15-cv-00786-RCJ-PAL, 2015 WL 5210523, at *6-13 (D. Nev. Sept. 3, 2015) (Jones, S.J.) (holding that the statutory scheme does not satisfy due process).

4. Given these developments, and to avoid receiving briefs about the *Bourne Valley* opinion's effect before the Ninth Circuit resolves any post-opinion motions, I agree with the analysis set forth by Judge Dorsey in *U.S. Bank v. Ascente Homeowners Association*, 2:15-cv-00302-JAD-VCF, ECF No. 44 (Aug. 17, 2016), and I *sua sponte* stay all proceedings in this case pending the Ninth Circuit's issuance of the mandate in *Bourne Valley*.

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). When determining whether to stay a case pending the resolution of another case, I must consider (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). I find that a *Landis* stay is appropriate here.

The crux of the parties' dispute is whether the HOA foreclosure sale extinguished Freddie Mac's interest, if it had any, in the property. If the HOA sale was void because Chapter 116 is facially unconstitutional, then the parties' dispute is, in large part, resolved or at least simplified regardless of whether Freddie Mac held an interest at the time of the HOA sale. The *Bourne Valley* opinion, whatever its outcome, thus could be dispositive of this case. In this district, as the jurisprudence and the parties' arguments in this area evolve, the parties file new motions or move to supplement the pending briefs, burdening our already-busy docket. *Bourne Valley* no doubt will inspire more motions and supplements. I have many cases involving HOA foreclosures and many dispositive motions pending. Most of those cases, and many of the pending motions, raise the due process and state action issues addressed by the *Bourne Valley* majority. Staying this case pending the mandate in *Bourne Valley* will permit the parties to present arguments and evidence in the context of complete and resolved precedent, and it will allow me to evaluate the claims in

light of this legal authority. Consequently, a stay pending the mandate would simplify the proceedings and promote the efficient use of the parties' and the court's resources.

Resolving the claims or issues in this case before the Ninth Circuit issues the mandate in *Bourne Valley* could impose a hardship on both parties. A stay will prevent unnecessary or premature briefing on *Bourne Valley*'s impact on this case, and may obviate the need for a trial on whether Freddie Mac held a property interest, depending on the ultimate resolution in *Bourne Valley*.

The only potential damage that may result from a stay is that the parties will have to wait longer for resolution of this case and any motions that they intend to file in the future. But a delay would also result from new briefing that may be necessitated if the panel or the en banc court rehears the matter. So a stay pending the *Bourne Valley* mandate will not necessarily lengthen the life of this case. Any possible damage that a stay may cause is minimal.

The stay pending the mandate may be short. The parties have 14 days to file post-opinion petitions and the purchaser in *Bourne Valley* intends to do so. *See* Fed. R. App. P. 35(c), 40(a)(1). Absent court order, the mandate must issue seven days after the petition is resolved. *See* Fed. R. App. P. 41(b). The length of this stay is tied to the Ninth Circuit's issuance of its mandate in *Bourne Valley*, and it is not indefinite. Once the mandate is issued, either party may move to lift the stay.

**IV. CONCLUSION**

IT IS THEREFORE ORDERED that defendant Federal Home Loan Mortgage Corporation and Intervenor Federal Housing Finance Agency's motion for summary judgment **(ECF No. 32) is DENIED**.

IT IS FURTHER ORDERED this case is administratively **STAYED** until the Ninth Circuit issues the mandate in *Bourne Valley Court Trust v. Wells Fargo Bank*, case number 15-15233 (2:13-cv-649-PMP-NJK). Once the mandate issues, any party may move to lift the stay.

DATED this 17th day of August, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE