UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FIRST 100, LLC,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>FEDERAL HOME LOAN MORTGAGE CORPORATION, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 2:15-cv-01303-APG-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |

This matter is before the court on plaintiff/counter defendant First 100, LLC's failure to comply with this court's Order (ECF No. 46) requiring it to find substitute counsel who would make an appearance in accordance with the requirements of the Local Rules of Practice, and for its failure to comply with this court's Order to Show Cause (ECF No. 53).

In an Order (ECF No. 46) entered September 6, 2017, the court required First 100, LLC to retain substitute counsel no later than October 6, 2017, and further advised that plaintiff's failure to timely comply with the court's order may result in sanctions which may include a recommendation to the district judge that First 100, LLC's complaint be dismissed for failure to prosecute.

First 100, LLC was also in violation of LR IA 3-1 by failing to keep the court apprised of its current address. A review of the docket reflected that on September 14, 2017, mail that contained a copy of the Order (ECF No. 46) was returned as undeliverable (ECF No. 48), with a forwarding address of 2845 Village View Dr., #190, Henderson, NV 89074. Another copy of Order (ECF No. 46) was mailed to First 100, LLC at the forwarding address. On September 20, 2017, that mail was returned by the US Postal Service as undeliverable with the envelope marked "attempted – not known; unable to forward" (ECF No. 49).

A corporation cannot appear except through counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993); *Reading Int'l, Inc. v. Malulani Grp., Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016). Dismissal of all claims with prejudice is appropriate sanction for a plaintiff entity that fails to retain counsel. *Multi Denominational Ministry of Cannabis & Rastafari, Inc. v. Gonzales*, 474 F. Supp. 2d 1133, 1141 (N.D. Cal. 2007), *aff'd sub nom. Multi-Denominational Ministry of Cannabis & Rastafari, Inc. v. Holder*, 365 F. App'x 817 (9th Cir. 2010).

Additionally, LR IA 3-1 states:

> An attorney or pro se party must immediately file with the court written notification of any change of mailing address, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismiss of the action, entry of default judgment, or other sanctions as deemed appropriate by the court.

On December 1, 2018, an Order to Show Cause (ECF No. 53) was issued for plaintiff's failure to: (1) comply with this court's Order (ECF No. 46); (2) retain new counsel who should make an appearance pursuant to the Local Rules; and (3) file a notice with the court advising the court of First 100, LLC's current address. The order stated that if plaintiff complied with the court's order by December 11, 2017 by obtaining new counsel to make an appearance with the court and advising the court of First 100, LLC's address on or before **December 11, 2017,** no further response to the order to show cause would be required. The order also warned plaintiff that First 100, LLC's failure to comply with this court's order to show cause by obtaining new counsel and advising the court of its new address would result in a recommendation to the district judge that plaintiff's complaint be dismissed. To date, First 100, LLC has not complied with this court's orders, and has not requested an extension of time to do so.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed.

DATED this 7th day of March, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE